UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                          Chapter 7

Doris Crutch and                                                     Case No. 15-44523-cec
Benjamin Crutch,

                                        Debtors.
------------------------------------------------------------x


DECISION


APPEARANCES

Avrum J Rosen                                            Harriette N Boxer
Rosen, Kantrow & Dillon, PLLC                Law Office of Harriette N. Boxer
38 New Street                                             31 East 32nd Street
Huntington, NY 11743                              Suite 300
631-423-8527                                            New York, NY 10016
*Counsel for the Chapter 7 Trustee.*            *Counsel for the Debtors.*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes to the Court on a motion by Debra Kramer, chapter 7 trustee (the "Trustee") to object to the claim of above-captioned Chapter 7 debtors ("Debtors") to exempt their 2015 Federal and State tax refunds from property of the estate (the "Trustee's Motion"). The Trustee seeks entry of an order under 11 U.S.C. §§ 105, 521, 542(a), and 704(a), disallowing the debtors' claim of exemption for their 2015 tax refund, and an order directing turnover of the funds to the Trustee.  For the reasons stated below, the Trustee's Motion is granted.[1]

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## BACKGROUND

The facts relevant to this motion are not in dispute, except as otherwise indicated.

On October 2, 2015, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.  (Case No. 15-44523, ECF Doc. No. 1.)[2]  On December 17, 2015, the Court issued an order converting the case to one under Chapter 7 of the Bankruptcy Code.  (ECF Doc. No. 47.)  On December 28, 2015, Debra Kramer was appointed as the Chapter 7 trustee.  (ECF Doc. No. 50.)[3]  On February 18, 2016, the Debtors filed their third amended schedule C, listing as an exempt asset an anticipated 2015 tax refund in the amount of $8,067 ("Schedule C").[4] (ECF Doc. No. 56.)  The Trustee demanded that the Debtors turn over the tax refund.  (Trustee's

---

[1] All statutory references are to the Title 11, U.S.C., unless otherwise indicated.
[2] All references to "ECF Doc. No." are documents filed on the docket in this case, Case No. 15-44523.
[3] An amended notice of appointment of the Trustee was filed on December 29, 2015, due to an administrative error in the original notice.  (ECF Doc. No. 51.)
[4] The 2015 anticipated tax refund for $8,067 was also reflected in the fourth amended schedule C, filed on December 15, 2016.  (ECF Doc. No. 85.)

Motion, ECF Doc. No. 76, p. 4, ¶6.)  On August 9, 2016, Debtors' counsel told the Trustee by email that her clients would not turn over the tax refund, but would not spend the funds until the issue was resolved.  (Exhibit C, ECF Doc. No. 76.)  On November 21, 2016, the Trustee filed a motion seeking turnover of the Debtors' anticipated 2015 tax refund.  (Trustee's Motion, ECF Doc. No. 76.)  On December 15, 2016, the Court conducted a hearing on the Trustee's Motion (the "Hearing").

The sources of the Debtors' income are a private pension plan and Social Security benefits.  (Schedule I, ECF Doc. No. 56; Hearing Tr., 38:16-19, ECF Doc. No. 86.)  The Debtors' 2015 tax return reflects a total of $37,759 in itemized deductions consisting of state and local income taxes; interest paid on the Debtors' home mortgage; gifts to charity (including carryover from a prior year); and gambling losses.  (Schedule A to Form 1040, Exhibit A, ECF Doc. No. 80.)  In opposition to the Trustee's Motion, and at the Hearing, counsel for the Debtors stated that the Debtors amended their 2015 Federal tax return and that as a result the actual amount of the anticipated refund is approximately "$5,000 and change."  (Hearing Tr., 23:20-22, ECF Doc. No. 86.)

<u>LEGAL STANDARD</u>

Debtors domiciled in New York have the option of exempting from property of the estate either the property identified in § 522(d) or property which is exempt under New York law.  11 U.S.C. § 522(b); <u>In re Santiago-Monteverde</u>, 22 N.E.3d 1012, 1015 (2014).  The New York bankruptcy exemptions are set forth in Debtor and Creditor Law § 282 ("DCL § 282").  N.Y. Debt. & Cred. Law § 282 (McKinney 1982).  New York law permits a debtor to exempt from property of the estate the right to receive certain benefits, including "the debtor's interest in (a) a Social Security benefit," and, with exceptions not relevant here, "all payments under a stock

bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service." N.Y. Debt. & Cred. Law § 282(2)(e). As a result, debtors electing the New York exemption scheme can exempt their right to receive benefits from a pension plan and a Social Security benefit.[5]

Section 282 of the Debtor and Creditor law also provides that a debtor may exempt from property of the estate personal property which is exempt from application to the satisfaction of money judgments under Section 5205 Civil Practice Law and Rules ("CPLR § 5205"). N.Y. Debt. & Cred. Law § 282 (McKinney 1982); N.Y. C.P.L.R. 5205 (McKinney 1993). Pursuant to CPLR 5205, Social Security income is defined as statutorily exempt income; a pension qualified under section 401 of the Internal Revenue Code of 1986 is exempt from garnishment; and 90% of the income from a qualified pension is exempt from garnishment. N.Y. C.P.L.R. 5205 (McKinney 1993).[6]

DISCUSSION

The issue to be addressed here is whether exempt funds retain their status as such after they are withheld from income, paid to federal or state taxing authorities, and subsequently paid to the Debtors in the form of a tax refund. In other words, are the Debtors entitled to claim an exemption for otherwise non-exempt funds if the source of the funds can be traced to an exempt asset? The Trustee contends that this question must be answered in the negative; that the funds at issue are not payments or benefits from Debtors' pension or Social Security accounts pursuant to CPLR § 5205 and DCL § 282, but rather a tax refund issued by the IRS and New York State, which is not exempt. (Trustee's Motion, ECF Doc. No. 76-1, p. 5, ¶8). The Debtors, on the other

---

[5] 42 U.S.C. 407 provides an exemption for Social Security benefits that is coextensive with the exemption provided for Social Security benefits by the New York statute.
[6] The Trustee does not dispute that the pension fund at issue is qualified under section 401 of the United States Internal Revenue Code or 1986.

4

hand, contend that exempt funds withheld from income by taxing authorities, which are derived from exempt income, and subsequently returned to the Debtors as a tax refund, retain their character as exempt income.  (Debtors' Motion in Opposition, ECF Doc. No. 81, p. 2). Therefore, it is necessary to determine whether the exemption provided for pension funds and Social Security benefits under New York law applies to the extent that the refund can be traced to the exempt income.[7]

I.    Tracing the Tax Return to the Exempt Funds

This question of statutory interpretation is one of first impression in the Eastern District of New York.  In construing a statute, the "intent of the Legislature in enacting legislation is the primary object to be found" and "[w]henever such intention is apparent it must be followed in construing the statute" Matter of Astman v. Kelly, 161 N.Y.S.2d 860, 864 (1957).  In the construction of NY statutes, courts apply the maxim "*unius exclusio alterius* so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded."  N.Y. Stat. Law § 240 (McKinney 2000).  The legislative notes accompanying the statute explain that "where a statute which grants a certain power expressly states the time when such authority shall [be] exercised, any other time is excluded."   Id.

DCL § 282(2), the statutory provision exempting pension funds, is immediately followed by DCL § 282(3), which provides a "traceable" exemption for funds derived from a personal injury award or compensation for loss of future earnings, as follows:

---

[7] Section 283(2) of the New York Debtor and Creditor Law permits a debtor who does not claim a homestead exemption to exempt cash in the amount of the lesser of $5000, or the unused portion of the exemption on annuities provided in DCL § 283(1).  N.Y. Debt. & Cred. Law § 283(2) (McKinney 1982).  Cash is defined as including "the right to receive a refund of federal, state and local income taxes."  Id.  Debtors do not claim any exemption under this provision, nor would they be eligible to do so because they have taken the homestead exemption under CPLR § 5206.  N.Y. C.P.L.R. 5206 (McKinney 1993).

> 3. Bankruptcy exemption for right to receive certain property. The debtor's right to receive, or property that is **traceable to**: (i) an award under a crime victim's reparation law; (ii) a payment on account of the wrongful death of an individual of whom the debtor was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; (iii) a payment, not to exceed seventy-five hundred dollars on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; and (iv) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

N.Y. Debt. & Cred. Law § 282(3) (McKinney 1982) (emphasis added).  Thus, the language of DCL § 282(3) shows that the legislature knew how to provide for the exemption of a debtor's right to receive certain payments even after the funds have been used to acquire other property, through an express provision for tracing.  Id.  The New York legislature also specifically provided for tracing of proceeds from the sale of an exempt homestead to another exempt homestead purchase within one year.  N.Y. C.P.L.R. § 5206(e).

Pursuant to N.Y. Stat. Law § 240, New York statutes should be interpreted to exclude any provision expressly included in other provisions.  N.Y. Stat. Law § 240 (McKinney 2000); See Bryant v. N.Y. City Health & Hosps. Corp., 93 N.Y.2d 592, 609, 716 N.E.2d 1084, 1093 (1999) ("In specifying that only Social Security benefits under title XVIII of the Social Security Act cannot offset recovery, CPLR 4545 necessarily identifies all other types of Social Security benefits—including survivor benefits—as collateral sources that reduce recovery."); accord, Walker v. Town of Hempstead, 643 N.E.2d 77 (1994) (holding that the Legislature's enumeration of six specific locations in the exception to the requirement to provide prior notice of defect to commence net of an action against the Town in N.Y. Gen. Mun. Law § 50-e shows an intent to exclude any others not mentioned); Vatore v. Comm'r of Consumer Affairs of City of

N.Y., 634 N.E.2d 958 (1994) (determining that the inference to be drawn from the legislature having given preclusive effect to one section of N.Y. Pub. Health Law art. 13-F was a concomitant intention not to give preclusive effect to any other section of the statute because the presence of an express preemption provision in one part of the statute implies that the legislature intended to omit preemption from the other sections).  Therefore, the inclusion of tracing language in DCL § 282(3) and CPLR § 5206(e), coupled with the omission of language permitting tracing of exempt funds in DCL § 282(2) and C.P.L.R. § 5205(c)(2), shows that the legislature did not intend to provide debtors with the right to trace funds exempt under these sections when they are converted to other property.  Id.; see also Gammons v. City of N.Y., 25 N.E.3d 958, 963 (2014) (citing Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Commerce, 990 N.E.2d 114, 118 (2013)) (holding that a court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended to omit because the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended).  Therefore, unless the funds at issue still constitute "Social Security benefits" and "pension payments" after they have been collected by a taxing authority, credited against tax liability, and returned to the Debtors as a tax refund, then the Debtors may not claim the funds as exempt.

II.    Withheld and Refunded Pension Income and Social Security Benefits Constitute a "Tax Refund"

A tax refund is characterized by the Internal Revenue Code (the "IRC") as a refund of a "tax," rather than the refund of the monies (e.g., wages) from which the tax was withheld.  The IRC states, in pertinent part, "[e]xcept as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages **a tax** determined in accordance with tables or computational procedures prescribed by the Secretary."  26 U.S.C. §

3402(a)(1) (emphasis added).  The funds withheld are then credited against any tax liability imposed under the IRC: "[t]he amount withheld as tax under chapter 24 shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle."  26 U.S.C. § 31.  If the withholding tax exceeds tax liability under the Code, then the Commissioner refunds the difference.  See 26 U.S.C. § 6402.

In Manchester v. Annis (In re Annis), the Court of Appeals for the Tenth Circuit addressed whether a debtor could exempt her federal and state income tax refunds resulting from wages withheld and refunded by the taxing authorities under an Oklahoma statute exempting income earned for personal services.  Manchester v. Annis (In re Annis), 232 F.3d 749 (10th Cir. 2000).  The Tenth Circuit held that the IRC language that deems the withholding to be a "tax," placed the tax refund outside the bounds of the state exemption statute:

> As is apparent, then, the initial withholding itself constitutes a "tax," with the refund constituting the return of an assessed tax. In the circumstances, the Debtor and the bankruptcy court were wrong to assert that the money never changed form but, instead, at all times remained wages of the employee (albeit, wages held for the employee by the government). Instead, once the wages were withheld as a "tax," they lost their character as "wages."

Id. at 752.  Although Manchester involved a claimed exemption of a refund derived from withheld wages under Oklahoma law, the Tenth Circuit's analysis is equally applicable to the facts of this case because withholding of taxes from the Debtors' pension is governed by the same statutory language.

A "pension plan" is defined by the IRC as an "employer deferred compensation plan," any distribution from which is defined as a "designated distribution."  26 U.S.C. 3405(e)(1).  The IRC further states that a "designated distribution" is equivalent to a "periodic payment."  26

U.S.C. 3405(e)(2).  Taxes were withheld from the Debtors' pension plan pursuant to 26 U.S.C. §

3405(a)(1), which states in pertinent part:

> (1) Withholding as if payment were wages.--The payor of any **periodic payment** (as defined in subsection (e)(2)) shall withhold from such payment the amount which would be required to be withheld from such payment if such payment were a payment of **wages** by an employer to an employee for the appropriate payroll period.

26 U.S.C. § 3405(a)(1) (emphasis added).  Therefore, periodic payments from a pension plan are

considered "wages," subject to withholding under the IRC. 26 U.S.C. § 3402(a)(1).

Similarly, 26 U.S.C. § 3402(p)(1)(C) defines any payment of a Social Security benefit as

a "specified Federal payment."  26 U.S.C. § 3402(p)(1)(C).  The section further provides that

> [i]f, at the time a **specified Federal payment** is made to any person, a request by such person is in effect that such payment be subject to withholding under this chapter [26 USCS §§ 3401 et seq.], then for purposes of this chapter [26 USCS §§ 3401 et seq.] and so much of subtitle F [26 USCS §§ 6001 et seq.] as relates to this chapter [26 USCS §§ 3401 et seq.], such payment shall be treated as if it were a payment of **wages** by an employer to an employee.

Id. (emphasis added).  Therefore, payment of Social Security benefits is also considered

equivalent to payment of "wages."  Section 3402(a) further provides for withholding of "wages"

in accordance with computational tables.  26 U.S.C. § 3402(a)(1).

These provisions, which require pension payments and Social Security benefits to be

treated as "wages" for tax withholding purposes, make it clear that the Tenth Circuit's reasoning

in Manchester is equally applicable in this case, and that the funds withheld from the Debtors'

pension and Social Security benefits, once withheld as a tax, lost their character as exempt funds.

Accordingly, the funds at issue do not constitute payments from a pension plan or Social

Security benefits once they have been collected as a tax, credited against tax liability, and

returned to the Debtors as a tax refund.[8]

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

---

[8] The reasoning is the same with regard to the state taxes withheld from the Debtors' pension plan and Social Security benefits.  Under New York tax law, "overpayment of income tax… shall be refunded by the comptroller out of the proceeds of the tax retained by him…" N.Y. Tax Law § 686 (McKinney 1962).  Therefore, New York law also characterizes the tax refund as a refund of a "tax" rather than a refund of exempt income.

<u>CONCLUSION</u>

For the reasons stated above, the Trustee's Motion is granted, the Debtors' claim of exemption for their 2015 tax refund is denied, and the Debtors are directed to turn over their 2015 tax refund to the Trustee. An order consistent with this decision will be entered.



**Dated: Brooklyn, New York**
**January 31, 2017**

**Carla E. Craig**
**United States Bankruptcy Judge**